UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID TERRENCE STEPHENS,

    Plaintiff,

v.                                                       Case No. 3:18-cv-1272-J-39PDB

JOSEPH EDWARDS, WARDEN,

    Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff David Terrence Stephens, an inmate of the Florida penal system, initiated this action on October 30, 2018, by filing a "Motion for Emergency Injunction or/and Motion for Emergency Preliminary Injunction" (Doc. 1; Motion) and a "Notice" of his pending transfer (Doc. 2; Notice). Stephens did not submit a complaint.[1] In the Motion, Stephens seeks the entry of an injunction "to stop the only named warden defendant's official policy or unofficial custom of the good-ole-boy network where the only named warden defendant allow [sic] guards to abuse or mistreat inmates." Motion at 1. He seeks an immediate order to "stop the harassment" and the "pattern of misconduct evidencing the likelihood of imminent danger of serious physical injury." Id. at 2. Stephens does not state in his Motion why he is in "imminent danger of serious physical injury." However, he suggests that he fears the same fate as inmate Mario Valdes, citing the case Valdes v.

---

[1] Stephens attempted to file the Motion and Notice in case number 3:18-cv-1187-J-34JBT, as indicated by his writing the case number in the caption of each document. See Motion at 1; Notice at 1. However, case number 3:18-cv-1187-J-34JBT was closed per a dismissal order entered on October 18, 2018 (Doc. 4). Thus, the Motion and Notice were filed as a new case.

Crosby, 390 F. Supp. 2d 1084 (M.D. Fla. 2005).² He also seeks an order directing the Warden to release him from solitary confinement and to stop his transfer to a different state correctional facility. See Motion at 2. He states that he "really do[es] not like confinement at all." See id. at 3. He also asserts that he "believes he has been denied due process with respect to his disciplinary hearing that resulted in his placement in disciplinary confinement." Id.

In his Notice, Stephens states that he was placed in confinement on July 24, 2018, after this Court sent a copy of a dismissal order in a different case initiated by him to the Inspector General's office. See Order (Doc. 12), Case No. 3:18-cv-813-J-39JBT (dated July 18, 2018). According to Stephens, the Court "should have foreseen the harm" that could result from sending the dismissal order to the Inspector General's office. See Notice at 3. Notably, Stephens does not say that he has suffered physical harm or injury. See id. However, he accuses the correctional officers of being "wors[e] criminals than the inmates" because they "hide behind the badge to commit their crimes . . . . they murder, lie, cheat, steal, and so on." Id.

To the extent Stephens seeks entry of a preliminary injunction that would result in his release from confinement or prevent his transfer, this Court may not grant such relief. This Court has informed Stephens multiple times that it may not interfere with matters of prison administration, including an inmate's custody status or location of confinement. See Orders (Docs. 21, 24, 29, 35), Case No. 3:18-cv-813-J-39JBT. He has also been

---

² According to the order Stephens cites, Mario Valdes "died after having been beaten [by prison guards] at Florida State Prison." See Valdes, 390 F. Supp. 2d at 1086. Stephens is not housed at Florida State Prison. He is housed at New River Correctional Institution. See Motion at 1.

2

informed that serving time in disciplinary confinement does not implicate a constitutionally protected liberty interest sufficient to support a due process claim unless the confinement imposes "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Order (Doc. 29), Case No. 3:18-cv-813-J-39JBT (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)).

Moreover, the Court finds that injunctive relief is not warranted. Stephens' Motion was not filed in compliance with this Court's Local Rules. For example, a motion seeking injunctive relief "must be supported by allegations of specific facts shown in [a] verified complaint or accompanying affidavits . . . ." Rule 4.05(b)(2), Local Rules, United States District Court for the Middle District of Florida. Stephens has not filed a verified complaint or affidavits. Stephens also has failed to carry his burden of persuasion as to the four elements required for entry of a preliminary injunction. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018).

Not only is Stephens' filing insufficient to warrant injunctive relief, to the extent he is attempting to raise claims regarding his conditions of confinement, he has not filed a civil rights complaint form. The Court has approved the use of a civil rights complaint form

3

for cases filed by prisoners pursuant to 42 U.S.C. § 1983. The form requires a plaintiff to include detailed information regarding the defendants he intends to sue, the plaintiff's litigation history, a statement of the plaintiff's claims and facts, and the relief the plaintiff requests. Here, Stephens has not filed a complaint, nor has he provided the Court with all of the information required by the civil rights complaint form. If Stephens chooses to file a civil rights complaint, he may do so on the proper form, submit a copy of the form for each defendant, and submit the filing fee.[3]

For the foregoing reasons, this case will be dismissed without prejudice to Stephens' right to initiate a civil rights action to address any allegedly unconstitutional conditions of his confinement, if he elects to file one.

Accordingly, it is

**ORDERED:**

1. Stephens' Motion for injunctive relief (Doc. 1) is **DENIED**.

2. This case is hereby **DISMISSED without prejudice**.

3. The **Clerk** shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of November, 2018.

_____
BRIAN J. DAVIS
United States District Judge

---

[3] Stephens may not proceed in forma pauperis because he has been designated a three-strikes litigant under 28 U.S.C. § 1915(g). See Order (Doc. 4), Case No. 3:18-cv-1187-J-34JBT. In fact, Plaintiff has initiated over 50 civil rights cases and has been informed numerous times that he is a three-strikes litigant. See id. at 2 n.1.

4

Jax-6
c: David Terrence Stephens, #0529682